UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JANE DOE,

    Plaintiff,

v.                                                                   No. 1:23-cv-01336

UNITED PARCEL SERVICE, INC.;                             Hon.
and DERICK GRACZYK,

    Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff, by and through her attorneys, respectfully requests that this Court enter an Order allowing her to proceed under pseudonym pursuant to the factors set forth in *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). In support of her Motion, Plaintiff states:

1.       In December 2021, when Plaintiff was 18 years old, she was groomed, isolated, threatened, and sexually assaulted and harassed by her supervisor, Defendant Derick Graczyk ("Graczyk"), while employed at Defendant United Parcel Service, Inc. ("UPS").

2.       Graczyk was criminally charged, prosecuted, and incarcerated for his sexual misconduct against Plaintiff, and he is now identified on the Michigan Sex Offender Registry.

3.       Plaintiff asserts hostile work environment and sexual harassment claims against Defendant UPS under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act of 1976 ("ELCRA"), MCL § 37.2101 *et seq.*, and claims against Defendant Graczyk for violation of ELCRA, intentional infliction of emotional distress, assault, and battery.

1

4. Plaintiff should be permitted to proceed under pseudonym because prosecution of this suit will compel her to disclose information regarding Graczyk's grooming, manipulation, sexual harassment, and sexual assaults of her, which are matters of the utmost intimacy.

5. Plaintiff is filing a Brief in Support of Her Motion for Leave to Proceed Under Pseudonym, and she hereby incorporates that Brief as though fully set forth herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order permitting Plaintiff to proceed by the pseudonym "Jane Doe," barring the parties from filing information containing Plaintiff's unredacted name or personally identifiable information, and granting to Plaintiff any and all other and further relief necessary to allow her to proceed under pseudonym.

Respectfully submitted,

Date:  December 21, 2023

/s/ Monica H. Beck
Monica H. Beck (P78555)
**THE FIERBERG NATIONAL LAW GROUP, PLLC**
201 East 17th Street, Suite A
Traverse City, MI 49684
Tel. (231) 933-0180
Fax (231) 252-8100
mbeck@tfnlgroup.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JANE DOE,

    Plaintiff,

v.                                                                                                                          No. 1:23-cv-1336

UNITED PARCEL SERVICE, INC.;                                             Hon.
and DERICK GRACZYK,

    Defendants.

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

In December 2021, when Plaintiff was 18 years old, she was groomed, manipulated, threatened, and sexually assaulted and harassed by her 50-year-old supervisor, Defendant Derick Graczyk ("Graczyk"), while employed by Defendant United Parcel Service, Inc. ("UPS"). Graczyk was criminally charged, prosecuted, and incarcerated for his sexual misconduct against Plaintiff, and he is now identified on the Michigan Sex Offender Registry. Plaintiff asserts hostile work environment and sexual harassment claims against Defendant UPS under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act of 1976 ("ELCRA"), MCL § 37.2101 *et seq.*, and claims against Defendant Graczyk for violation of ELCRA, intentional infliction of emotional distress, assault, and battery. Plaintiff, a young sexual assault victim, respectfully requests that this Court permit her to proceed under the pseudonym "Jane Doe" because litigation of her claims requires her to disclose information and details concerning the sexual abuse she suffered, which are matters of the utmost intimacy.

1

## ARGUMENT

The Sixth Circuit permits a District Court to exercise its discretion to allow a plaintiff to proceed using a pseudonym. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In *Porter*, the Sixth Circuit provided a non-exhaustive list of considerations that a District Court should use to decide whether a plaintiff may proceed pseudonymously. The considerations identified by the Sixth Circuit are:

1. Whether the plaintiff is challenging government activity;

2. Whether prosecution of the suit would compel the plaintiff to disclose information of the utmost intimacy;

3. Whether the litigation would compel the plaintiff to disclose an intention to violate the law; and

4. Whether the plaintiff is a child.

*Id.*

Plaintiff's anonymity is warranted here because she meets the second factor. There are few, if any, matters more intimate than those involved in Plaintiff's lawsuit. Plaintiff was still a teenager when Graczyk, 32 years her senior, sexually abused her. Both federal and Michigan courts have long histories of protecting the privacy of sexual assault victims. *See, e.g.*, *Fuller v. Lafler*, 826 F.Supp.2d 1040, 1057 (E.D. Mich. 2011) ("rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy"); *People v. Katt*, 639 N.W.2d 815 (Mich. Ct. App. 2001) (justifying use of a pseudonym to protect victim's privacy). The privacy of a sexual assault victim is considered so paramount that the Sixth Circuit, among other courts, considers the privacy of victims of sexual abuse a legitimate factor for excluding relevant evidence from a criminal trial. *See Batey v. Haas*, No. 13-1692, 2014 U.S.

App. LEXIS 16531, at *7 (6th Cir. July 21, 2014). If the privacy rights of a sexual abuse victim are a legitimate reason to bar a criminal defendant from presenting relevant evidence at trial, such privacy rights provide legitimate reasons for allowing a sexual assault victim to proceed pseudonymously in a civil case. And unlike the exclusion of relevant evidence from a criminal trial, allowing Plaintiff in this matter to proceed pseudonymously does not prejudice Defendants in any way. Defendants know Plaintiff's identity and are not prohibited from engaging in appropriate discovery. Allowing Plaintiff to proceed under pseudonym protects the privacy of a young women who was sexually abused by her supervisor and permits her to pursue her claims against Defendants without forcing Plaintiff to attach her name forever to the wrongs that were done to her, and the traumatizing and highly emotional injuries she has suffered. This is of significant concern given the ease in searching a Plaintiff's name on the internet. Should Plaintiff be required to use her true name in this litigation, her friends, employer, future employers, and educators will all be able to discover the intimate details of the horrific acts that were perpetrated against her, which would only cause Plaintiff to suffer additional emotional distress, trauma, humiliation, and potential stigma.

## **CONCLUSION**

Consideration of the factors set forth above demonstrates that Plaintiff should be allowed to proceed pseudonymously, and Plaintiff requests that this Honorable Court enter an Order permitting Plaintiff to proceed by the pseudonym "Jane Doe," barring the parties from filing information containing Plaintiff's unredacted name or personally identifiable information, and granting to Plaintiff any and all other and further relief necessary to allow her to proceed under pseudonym.

Respectfully submitted,

Date:  December 21, 2023 /s/ Monica H. Beck
Monica H. Beck (P78555)
**THE FIERBERG NATIONAL LAW GROUP, PLLC**
201 East 17th Street, Suite A
Traverse City, MI 49684
Tel. (231) 933-0180
Fax (231) 252-8100
mbeck@tfnlgroup.com