UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,

                                                     Case No. 1:23-cv-1336

v.

                                                     HON. ROBERT J. JONKER

UNITED PARCEL SERVICE, INC. and
DERICK GRACZYK,

        Defendants.
_____/

## **ORDER**

      Plaintiff has filed suit against her former employer, United Parcel Service, Inc., alleging it knew its employee and Plaintiff's supervisor, Derick Graczyk, was a serial sexual harasser, but took no steps to curb his predatory behavior.  Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act of 1976, as well as claims for intentional infliction of emotional distress and assault and battery.  The matter is before the Court on Plaintiff's Motion for Leave to Proceed Under Pseudonym.  (ECF No. 2).  Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption.  *See* FED. R. CIV. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  Courts begin with the presumption of open judicial proceedings.  *See Porter*, 70 F.3d at 560.  A plaintiff may proceed under a pseudonym only in exceptional circumstances.  *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental

activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff's are children." *Porter*, 370 F.3d at 560 (quoting *Doe v. Steagall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

The general public interest in open proceedings requires a heavy basis to overcome, and Plaintiff has not met that burden here. *See Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011) (observing that the "level of public interest in access to the identities of litigants" counsels against the use of a pseudonym). Cases involving sensitive matters routinely are handled without pseudonyms in this Court. *See, e.g., Booth v. Coopersville Area Public Schools*, Case No. 1:08-cv-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and sexual assault of high school athlete). The same is true of sensitive matters involving sexual abuse and harassment. *See Johnson v. Active Machine & Tool, Inc.*, Case No. 1:10-cv-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee). In this case, Plaintiff is currently 20 years old. She was 18 years old when the actions alleged in the Complaint took place. The male perpetrator of wrongs against her already has been held criminally responsible in public proceedings. The need for secrecy is limited in this situation.

Litigation is presumptively public, and the public interest in open proceedings is especially strong in a case that has already involved a criminal proceeding, and in which one of the named Defendants is serving a criminal sentence. None of Plaintiff's arguments persuade the Court that privacy interests outweigh the presumption in favor of public proceedings here. *Cf. Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 2010) (criticizing reflexive use of pseudonyms).

**ACCORDINGLY, IT IS ORDERED**:

Plaintiff's Motion for Leave to Proceed Under Pseudonym (ECF No. 2) is **DENIED**.

Plaintiff shall file an Amended Complaint naming Plaintiff not later than **January 31, 2024.**


Dated:  January 19, 2024                     /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE